UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOE GUARNERI,

                        Plaintiff,

   v.                                                 9:18-CV-1332
                                                            (MAD/DEP)

DR. MASABA, et. al.,

                        Defendants.

---

APPEARANCES:

JOE GUARNERI
Plaintiff, pro se
14468
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I.**     **INTRODUCTION**

    Plaintiff Joe Guarneri ("Plaintiff") filed this action pro se seeking relief for the alleged violation of his constitutional rights during his confinement at Albany County Correctional Facility ("Albany County C.F."). *See generally* Dkt. No. 1 ("Compl."). Plaintiff, who was confined at Albany County C.F. when he filed this action, did not pay the filing fee and requested leave to proceed in forma pauperis ("IFP").[1] Dkt. No. 4. On December 6, 2018, Plaintiff filed an Amended Complaint, which the Court deemed the operative pleading. Dkt.

---

[1]     The IFP Application was signed by Plaintiff, but not certified. *See* Dkt. No. 4.

1

No. 7 ("Am. Compl.").

In a Decision and Order filed on January 4, 2019 (the "January Order"), this Court denied Plaintiff's IFP application pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g) ("Section 1915(g)"). Dkt. No. 11. Plaintiff was afforded thirty (30) days in which to pay the statutory filing fee of four hundred dollars in full if he wished to avoid dismissal of this action. *Id*. at 8. In lieu of paying the filing fee, Plaintiff has filed a motion seeking reconsideration of the January Order. Dkt. No. 15.

## II.    DISCUSSION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.1983)). "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *Maye v. New York*, No. 10-CV-1260 (GLS/DRH), 2011 WL 4566290, at *2 n.6 (N.D.N.Y. Sept. 29, 2011) (citation omitted).

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider "is not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). Reconsideration should be granted where necessary to correct for "clear error" or to "prevent manifest injustice." *Munafo v. Metro.*

*Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). In seeking reconsideration, a party is not allowed to "put forward additional arguments that a party could have made but neglected to make[.]" *See Brown v. Middaugh,* No. 96-CV-1097, 1999 WL 242662 (N.D.N.Y. Apr. 21, 1999).

By his motion, Plaintiff seeks reconsideration of the Court's determination that the "imminent danger" exception contained in Section 1915(g) is not applicable in this action.[2] *See* Dkt. No. 15. Plaintiff now claims, for the first time, that he suffers from diabetes and, that on October 12, 2018, Plaintiff was experiencing a "problem with sever [sic] diabetes." *Id*. Plaintiff claims that the "tier officer" refused to open his cell and, as a result, Plaintiff's "glucose [. . .] was as low as 35." *Id*. Plaintiff alleges that the officer yelled expletives and refused to open Plaintiff's cell for twenty minutes and "almost killed Plaintiff." *Id*. Thus, Plaintiff claims that due to the "threat of jail conditions," he "qualif[ies] for the imminent danger exception[.]" Dkt. No. 15.

Initially, the Court notes that Plaintiff has not presented the Court with "new evidence" which was "not previously available."

> "When newly discovered evidence is the basis for reconsideration, the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered." *LaSalle Bank Nat'l Assoc. v. Capco Am. Securitization Corp*., No. 02 CV 9916, 2006 WL 177169, at *2 (S.D.N.Y. Jan. 25, 2006) (internal quotations marks, citation, and emphasis deleted); *cf. Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*, No. 88 Civ. 9127, 1992 WL 296314, at *3 (S.D.N.Y. Oct. 6, 1992) ("The Court will not set aside a judgment because a frustrated litigant failed to

---

[2] Plaintiff does not challenge the Court's finding that he acquired three strikes prior to commencing the within action.

3

> present on a motion for summary judgment all facts known by
> or reasonably available to him.").

*U.S. v. Morrison*, No. 04-CR-699, 2007 WL 4326796, at *2 (E.D.N.Y. Dec. 7, 2007).

The facts now alleged by Plaintiff relate to events that allegedly occurred on October 12, 2018. These facts were in existence, known, and thus available to Plaintiff, when his Complaint was filed with the Court, and therefore they do not constitute new evidence which might warrant reconsideration. Because a motion for reconsideration cannot be used "to advance new facts, issues or arguments not previously presented to the Court," *see Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (2d Cir. 2001), these arguments put forward by Plaintiff do not provide a basis for reconsideration of the January Order.

The Court will now address whether reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice. With the motion, Plaintiff attempts to assert "new" imminent danger claims. As discussed in the January Order, the Complaint was postmarked November 8, 2018, therefore, the claims relevant for the determination of "imminent danger" are those surrounding that date. Dkt. No. 11 at 7, n.8. The isolated incident of alleged deliberate medical indifference by an unidentified officer does not suggest that Plaintiff faced "imminent danger" of serious physical harm from defendants at the time he filed the Complaint. *See Malik v. McGinnis*, 293 F.3d 559, 561 (2d Cir. 2002).

Moreover, Plaintiff has failed to allege facts plausibly suggesting that he faced imminent danger having a nexus to a claim asserted in his Amended Complaint. As discussed in the January Order, in *Chavis,* the Court held that at least one of the claims asserted in the Complaint must have a nexus to the "imminent danger" that the plaintiff asserts. *See Pettus v. Morgenthau*, 554 F.3d 293, 299 (2d Cir. 2009) (the imminent danger

4

must be "fairly traceable to unlawful conduct asserted in the complaint, and a favorable outcome would redress that injury"). Here, the Amended Complaint contains excessive force claims related to an alleged assault in September 2018, due process claims, claims related to access to the court, and constitutional claims related to the grievance process at Albany County C.F. *See generally*, Am. Compl. The facts that form the basis of Plaintiff's claim of imminent danger are not "fairly traceable to [the] unlawful conduct asserted in the [Amended Complaint]." *See Tafari v. Prack*, No. 9:12-CV-703 (GLS/ATB), 2012 WL 2571305, at *1 (N.D.N.Y. July 3, 2012) (citing *Pettus*, 554 F.3d at 299).

Finally, in the January Order, the Court found that, "[b]ecause none of the named defendants are alleged to have had any personal involvement in or responsibility for Plaintiff's current confinement, the Complaint does not present the possibility of his stating a valid imminent danger claim against them." Dkt. No. 11 at 7, n.9. In the motion, Plaintiff did not attribute any of the actions taken on October 12, 2018 to any of the named defendants.

Based upon the foregoing, Plaintiff's motion for reconsideration is denied. In light of Plaintiff's pro se status, the Court will afford him one final opportunity to comply with the January Order. If Plaintiff wishes to proceed with this action, he must pay the statutory filing fee of four hundred dollars ($400.00) within thirty (30) days of the filing date of this Decision and Order. Upon payment of the filing fee, the Clerk shall return the file to this Court for review of the Complaint in accordance with 28 U.S.C. § 1915A. Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further order of this Court.

III. **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that this action shall be **DISMISSED** unless, within thirty (30) days of the date of this Decision and Order, Plaintiff pays the Court's filing fee of four hundred dollars ($400.00) in full; and it is further

**ORDERED** that upon Plaintiff's compliance with the January Order, the Clerk of the Court shall return the file to this Court for review of Plaintiff's Complaint in accordance with 28 U.S.C. § 1915A; and it is further

**ORDERED** that if Plaintiff fails to timely comply with this Decision and Order, the Clerk is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: February 4, 2019
     Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge